UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MUHAMMAD FAIZAN** | **CIVIL ACTION NO. 26-327 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **KRISTI NOEM ET AL** | **MAGISTRATE JUDGE HORNSBY** |

### ORDER

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 8) filed by habeas Petitioner Muhammad Faizan ("Petitioner"). Having carefully considered the Petitioner's submissions and the applicable law, the Motion is **DENIED**.

Petitioner is a native and citizen of Pakistan, who entered the United States on May 19, 2024. *See* R. Doc. 8-1 at 6. While residing within the United States—for less than two years, Petitioner has gained employment and filed an asylum claim. *Id.* However, while attending an Immigration and Customs Enforcement ("ICE") check-in on December 9, 2025, Petitioner was detained by ICE officials. *See id.* Petitioner was transferred to and is detained at the Central Louisiana ICE Processing Center in Jena, Louisiana. *See* R. Doc. 1 at 5. Petitioner is in removal proceedings and has been charged under 8 U.S.C. § 1182 as being present within the United States without admission. *See* R. Doc. 8-1 at 9. Petitioner requested bond but was denied on the basis that the immigration court lacked jurisdiction to grant him a bond. *See id.* As such, Petitioner now requests emergency relief that the Court prohibit Respondents from removing him from the United States or transferring him to

another facility outside this Court's jurisdiction. *See* R. Doc. 8 at 2. Petitioner also asks this Court to order his immediate release. *See* R. Doc. 8-1 at 20.

To obtain a temporary restraining order ("TRO") or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order."). Elements three and four merge "when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435–36 (2009). The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four elements. *Ocean Sky Int'l, LLC v. LIMU Co., LLC*, No. 18-0528, 2019 WL 4724803, at *5 (W.D. La. Sept. 26, 2019).

In his Motion, Petitioner argues that he was unlawfully detained under 8 U.S.C. § 1225(b)(2) and is instead eligible for a bond hearing under 8 U.S.C. § 1226(a) because he has been residing in the United States prior to being detained. *See generally* R. Doc. 8-1. At length, Petitioner walks this Court through the legal

framework, the statutory scheme, and the legislative history of §§ 1225 and 1226. *See id.* at 6–16. Petitioner also challenges the Department of Homeland Security's recent policy changes. *See id.* at 8, 16–17. But not once does Petitioner cite to our parent court's recent decision on this issue. In *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), the Fifth Circuit held that inadmissible noncitizens who have been residing in the United States may be detained without bond under 8 U.S.C. § 1225(b)(2). Thus, on the present record and in light of this authority, we cannot say that Petitioner has a likelihood of success on the merits of his claims. At bottom, entitlement to such extraordinary remedies as those provided under Rule 65, *see Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999), must be "unequivocally show[n]," Su*burban Propane, L.P. v. D & S GCTX LLC*, 1:25-CV-00706, 2025 WL 2429087, at *2 (W.D. Tex. May 20, 2025). Given this high bar, the Court must **DENY** Petitioner's Motion.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 8) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 25th day of February, 2026.

*[Signature: Jerry Edwards, Jr.]*

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**